IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY<br>a/s/o ROGER AND NEDRA RICHARDS<br>202B Halls Mill Road<br>Whitehouse Station, NJ 08889<br><br>Plaintiff,<br><br>v.<br><br>WHIPPLE-ALLEN REAL ESTATE<br>1625 Lowell Ave<br>ERIE, PA 16505<br><br>and<br><br>KIDDER WACHTER ARCHITECTURE & DESIGN<br>201 French Street<br>ERIE, PA 16507<br><br>Defendants | CIVIL ACTION NO. 1:18-CV-41<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY**

Plaintiff, GREAT NORTHERN INSURANCE COMPANY (hereinafter "Great Northern"), by way of Complaint, alleges and says:

1. GREAT NORTHERN was at all times material hereto, a corporation incorporated in the state of Indiana whose principal place of business is located at 202B Halls Mill Road, Whitehouse Station, New Jersey 08889.

2. Defendant, WHIPPLE-ALLEN REAL ESTATE (hereinafter "Whipple-Allen") is a Pennsylvania corporation, with its principal business located at 1625 Lowell Avenue, Erie, Pennsylvania 16505 and was, at all times relevant hereto, engaged in providing contracting and construction management services.

3. Upon information and belief Defendant, KIDDER WACHTER ARCHITECTURE & DESIGN (hereinafter "Kidder Wachter") is an Ohio partnership, with its principal place of

business located at 201 French Street, Erie, Pennsylvania 16507, and was, at all times material hereto, engaged in providing architectural and design services. Upon information and belief all of the Kidder Wachter partners are citizens of Pennsylvania and none are citizens of either Indiana or New Jersey.

## JURISDICTION AND VENUE

4. This action is commenced pursuant to 28 U.S.C. § 1332, as the plaintiff and defendants are citizens of diverse jurisdictions and the amount in controversy, exclusive of interests and costs, is in excess of Seventy-Five Thousand dollars ($75,000.00).

5. Venue in this action lies in this District pursuant to 28 U.S.C. § 1391, as the loss occurred in this District and the defendants are subject to personal jurisdiction within this District.

## FACTS RELEVANT TO ALL COUNTS

6. At all times material hereto, Roger & Nedra Richards (hereinafter the "Richards") were the owners of and lived at the property located 1928 South Shore Drive, Erie Pennsylvania 16505 (hereinafter the "Subject Property").

7. At all times material hereto, Great Northern provided insurance coverage pursuant to policy number 13151944-12 to the Richards for their real and personal property located at the Subject Property.

8. On or about March 4, 2017 a fire occurred at the Subject Property causing significant smoke, fire and water damage and destruction (hereinafter the "Fire").

9. The Fire was a direct and proximate result of the breach of contract, negligence and professional malpractice of the defendants in failing to design, construct, inspect and install properly a fireplace located in the Pine Room of the Subject Property (the "Incident Fireplace").

10. An appropriately licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the practice

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. (See Exhibit "A" attached, Certificate of Merit).

11. As a result of the Fire the Richards made a claim on their Great Northern insurance policy pursuant to which Great Northern has paid and will pay the Richards in excess of $1 million to repair and replace the damaged Subject Property and additional living expenses as a result of the Fire.

12. This lawsuit seeks to recover the money Great Northern paid to the Richards.

13. In approximately 2006 the Richards purchased the Subject Property.

14. From 2006 through 2009 the Richards remodeled, enlarged and expanded the Subject Property (hereinafter the "Project") including the addition of two new wings, East and West.

15. A certificate of Occupancy for the completed Project was obtained in 2009.

16. The West wing included the Incident Fireplace.

17. Prior to March 4, 2017 the Richards hired Kidder Wachter to provide design and architectural services for the Project including, but not limited to, the Incident Fireplace.

18. Prior to March 4, 2017 the Richards hired Whipple-Allen to provide general contracting and project and construction management services for the Project including, but not limited, to the Incident Fireplace.

19. The Project was required to comply with various building and safety codes and standards including but not limited to the 2004 Codified Ordinances of the City of Erie, the International Residential Code 2003 and the National Fire Protection Code.

20. Upon information and belief and as a direct and proximate result of the breach of contract, negligence and malpractice of the defendants, the Project did not comply with the various codes which was a cause of the Fire.

## COUNT I
## GREAT NORTHERN VS.
## KIDDER WACHTER ARCHITECTURE & DESIGN
## NEGLIGENCE

21. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. At all times material hereto Kidder Wachter agreed to act as the architect of record for the Project on behalf of the Richards and had a professional relationship with the Richards.

23. Kidder Wachter agreed to prepare and provide drawings, plans, specifications, oversight, consultation and professional architectural and design expertise and services for the Project.

24. Kidder Wachter agreed to perform its duties consistent with applicable industry standards, codes, rules and regulations.

25. Kidder Wachter failed to complete the Project in compliance with the standard of care in the industry and failed to provide drawings, plans, specifications, oversight and consultation in compliance with the applicable codes and standards in the industry.

26. The Fire and resulting destruction and damage to the Subject Property was caused by the negligence, carelessness, and recklessness of Kidder Wachter including but not limited to the following:

    a) Failing to design properly the Incident Fireplace,

    b) Failing to inspect properly the Incident Fireplace,

    c) Failing to prepare, provide and review proper plans and drawings in compliance with applicable codes and industry standards,

    d) Failing to insure that the Project was completed in compliance with applicable plans, drawings, codes and industry standards,

    e) Failing to warn the Richards that the Incident Fireplace was improperly designed and constructed,

    f) Failing to warn the Richards that the Incident Fireplace did not comply with the applicable plans, drawings, codes and standards,

    g) Failing to comply with applicable codes and industry standards,

    h) Failing to properly hire, train and supervise competent employees and subcontractors,

    i) Failing to oversee, consult and supervise contractors and subcontractors,

    j) Failing to insure that combustibles were not installed too close to the hearth of the Incident Fireplace,

    k) Otherwise failing to exercise reasonable care under the circumstances.

27. Kidder Wachter's negligence and professional malpractice proximately caused the fire and resulting damages.

WHEREFORE, plaintiff Great Northern, demands judgment in its favor and against Kidder Wachter Architecture & Design in an amount in excess of $1,000,000.00, together with interest, cost of this suit, and any other further relief that this Honorable Court may deem just and proper.

## COUNT II
## GREAT NORTHERN VS. WHIPPLE-ALLEN REAL ESTATE
## NEGLIGENCE

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though the same were fully set forth herein.

29. The Fire and resulting destruction and damage to the Subject Property was caused by the negligence, carelessness, and recklessness of Whipple-Allen including but not limited to the following:

    a) Failing to design properly the Incident Fireplace,

    b) Failing to construct properly the Incident Fireplace,

    c) Failing to inspect properly the Incident Fireplace,

    d) Failing to prepare and provide proper plans and drawings for the Project in compliance with applicable codes and industry standards,

    e) Failing to complete the Project in compliance with applicable plans, drawings, codes and standards or to insure that the Project was completed in compliance with applicable plans, drawings, codes and industry standards,

    f) Failing to warn the Richards that the Incident Fireplace was improperly designed, constructed and inspected,

    g) Failing to warn the Richards that the Incident Fireplace did not comply with the applicable plans, drawings, codes and industry standards,

    h) Failing to hire, train, oversee and supervise competent employees, contractors and subcontractors,

    i) Failing to verify that combustibles were not installed too close to the hearth of the Incident Fireplace,

    j) Otherwise failing to exercise reasonable care under the circumstances.

30. Whipple-Allen's negligence proximately caused the fire and resulting damages.

WHEREFORE, plaintiff Great Northern, demands judgment in its favor and against Whipple-Allen Real Estate in an amount in excess of $1,000,000.00, together with interest, cost of this suit, and any other further relief that this Honorable Court may deem just and proper.

## COUNT III
## GREAT NORTHERN VS. KIDDER WACHTER ARCHITECTURE & DESIGN
## BREACH OF CONTRACT

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though the same were fully set forth herein.

32. At all times material hereto and on information and belief prior to March 4, 2017 Kidder Wachter and the Richards orally agreed that Kidder Wachter would act as the architect of record for the Project and comply with all applicable codes and standards.

33. At all times material hereto and on information and belief prior to March 4, 2017 Kidder Wachter orally agreed with the Richards to prepare plans, drawings and specifications for the Project in compliance with all applicable codes and standards.

34. At all times material hereto and on information and belief prior to March 4, 2017 Kidder Wachter orally agreed with the Richards that the Project would be completed in a safe, good and workmanlike manner in compliance with all applicable codes and standards.

35. At all times material hereto and on information and belief prior to March 4, 2017 Kidder Wachter orally agreed with the Richards to inspect, oversee, and insure that the plans, specifications, blueprints and drawings for the Project were complied with and followed.

36. At all times material hereto and on information and belief in exchange for Kidder Wachter's oral agreements the Richards agreed to pay Kidder Wachter.

37. The Richards fulfilled their responsibilities under the oral contract and paid Kidder Wachter in full for their work on the Project.

38. Kidder Wachter breached its oral contract with the Richards in failing to act properly as the architect of record for the Project, failing to properly prepare plans, drawings and specifications for the Project and failing to complete the Project in a safe, good and workmanlike manner all in compliance with all applicable codes and standards.

39. The Fire and resulting destruction and damage to the Subject Property was proximately caused by the Kidder Wachter's breach of their oral contract with the Richards.

WHEREFORE, Plaintiff Great Northern, demands judgment in its favor and against Kidder Wachter Architecture & Design in an amount in excess of $1,000,000.00, together with interest, cost of this suit, and any other further relief that this Honorable Court may deem just and proper.

### COUNT IV
### GREAT NORTHERN VS. WHIPPLE-ALLEN REAL ESTATE
### BREACH OF CONTRACT

40. Plaintiff incorporates by reference each and every allegation set forth above and as though the same were fully set forth.

41. At all times material hereto and on information and belief prior to March 4, 2017 Whipple-Allen and the Richards orally agreed that Whipple-Allen would act as the construction manager/project supervisor/general contractor for the Project in compliance with all applicable codes and standards.

42. At all times material hereto and on information and belief prior to March 4, 2017 Whipple-Allen and the Richards had a long course of business dealing and conduct.

43. At all times material hereto and on information and belief prior to March 4, 2017 Whipple-Allen orally agreed with the Richards to complete the Project in compliance with all plans, drawings, blueprints, specifications and applicable codes and standards.

44. At all times material hereto and on information and belief prior to March 4, 2017 Whipple-Allen orally agreed with the Richards that the Project would be completed in a safe, good and workmanlike manner in compliance with all applicable codes and standards.

45. At all times material hereto and on information and belief in exchange for Whipple-Allen's oral agreements the Richards agreed to pay Whipple-Allen for their work on the Project.

46. The Richards fulfilled their responsibilities under the oral contract and paid Whipple-Allen in full for their work on the Project.

47. Whipple-Allen breached its oral contract with the Richards in failing to act properly as the construction manager/project supervisor/general contractor for the Project and failing to complete the Project in a safe, good and workmanlike manner all in compliance with all applicable codes and standards and the plans, drawings, blueprints and specifications.

48. The Fire and resulting destruction and damage to the Subject Property was proximately caused by Whipple-Allen's breach of their oral contract with the Richards.

WHEREFORE, Plaintiff Great Northern, demands judgment in its favor and against Whipple-Allen Real Estate in an amount in excess of $1,000,000.00, together with interest, cost of this suit, and any other further relief that this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ Peter G/ Rossi
PETER G. ROSSI, ESQUIRE (32238)
Cozen O'Connor
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 665-2783
prossi@cozen.com