IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Great Northern Insurance Company a/s/o Roger and Nedra Richards,** | )<br>)<br>)<br>) |
| **Plaintiff,** | ) |
| v. | )    **C.A. No. 18-41 Erie** |
| **Whipple-Allen Real Estate and Kidder Wachter Architecture & Design,** | )<br>)<br>) |
| **Defendants,** | ) |
| v. | ) |
| **Kellick Construction Company, Rick Beery, Rick Beery Masonry, and Building Inspection Underwriters of Pennsylvania, Inc.,** | )<br>)<br>) |
| **Third-Party Defendants.** | )<br>)<br>) |

**MEMORANDUM OPINION**

**Conti, Chief District Judge**

*I. Introduction*

This subrogation action is brought by Great Northern Insurance Company ("Great Northern") to recover funds spent to repair property damage caused by a fire. Great Northern's complaint, filed on February 2, 2018, asserted claims of negligence and breach of contract against Kidder Wachter Architecture and Design ("Kidder Wachter") and Whipple-Allen Real Estate ("Whipple-Allen"). (ECF No. 1.) On March 7, 2018, Whipple-Allen filed a third-party complaint against additional parties Kellick Construction, Rick Beery, Rick Beery Masonry, and

1

Building Inspection Underwriters of Pennsylvania, Inc. ("BIUPA"). (ECF No. 10.) Each of the defendants have filed cross-claims against BIUPA. (ECF Nos. 14, 28, 32.)

On May 16, 2018, BIUPA filed a motion to dismiss the third-party claims asserted by Whipple-Allen for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 44.) BIUPA filed additional motions to dismiss the cross-claims asserted by Kidder Wachter (ECF No. 52) and Rick Beery and Rick Beery Masonry (ECF No. 50) on May 31, 2018. Each of these motions is fully briefed and ripe for review.

### II. *Factual Background Taken as True for Purposes of the Motions to Dismiss*

Between 2006 and 2009, Roger and Nedra Richards engaged Kidder Wachter to provide design and architectural services for an extensive remodel and expansion project on their home. Whipple-Allen was engaged to act as the construction manager for the project.

At all relevant times, the moving party, BIUPA, was under contract with the City of Erie to review and approve construction plans for compliance with Erie's laws, codes, ordinances and regulations. BIUPA allegedly approved the plans, drawings, and specifications submitted by Kidder Wachter without any alteration, clearing the way for the remodeling and expansion to proceed as designed.

On March 4, 2017, a fire occurred in a portion of the property that had been added during the expansion. Great Northern, the Richards' insurance provider, alleges that the fire resulted from the negligence of Whipple-Allen and Kidder Wachter in failing to properly design, construct, inspect and install a fireplace. Great Northern also alleges that the renovation and expansion did not comply with pertinent building and safety codes and standards. Whipple-Allen, while denying Great Northern's allegations, alleges in its cross-claim that BIUPA

2

negligently approved the plans, drawings, and specifications that were submitted for the project. The remaining third-party and cross-defendants joined in Whipple-Allen's allegations against BIUPA.

*III. Standard*

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.. . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(Id. at 1949) (quoting Twombly, 550 U.S. at 556) (internal citations omitted). Two working principles underlie Twombly. Id. First, with respect to mere conclusory statements, a court need not accept as true all of the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing 490 F.3d at 157-58). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]- that the pleader is entitled to relief.'" Id. (quoting Fed. Rule Civ. Proc. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions.

> While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

### IV. Discussion

#### A. BIUPA's Argument

In its motions to dismiss, BIUPA contends that building code inspectors such as BIUPA enjoy statutory immunity when acting on behalf of a governmental body such as the City of Erie. BIUPA relies on Section 8541 of the Tort Claims Act which provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property

4

> caused by any act of the local agency or an employee thereof or any other person.

42 Pa. C.S. § 8541. BIUPA cites several Pennsylvania court decisions in support of this precise proposition including Higby Development, LLC v. Sartor, 954 A.2d 77 (Pa. Commw. Ct. 2008), *vacated and remanded on other grounds*, 991 A.2d 305 (Pa. Super. Ct. 2010), and Cornell Narberth, LLC v. Borough of Narberth, 167 A.3d 228 (Pa. Commw. Ct. 2017).

*B. Cross-Claimants' Argument*

Cross-Claimants respond that the determination about whether a party is an employee or an independent contractor is a fact-intensive inquiry that should not be resolved on a motion to dismiss. Relying on Shuylkill County v. Mauer, 536 A.2d 479 (Pa. Commw. Ct. 1988), Cross-Claimants suggest that the court cannot make this determination without considering a number of factors including whether BIUPA was subject to the City of Erie's control, the skill required for BIUPA's work, the identity of the party who supplied the tools necessary for BIUPA's work, or the financial arrangement between BIUPA and the City of Erie. (ECF No. 47 at 6.) Cross-Claimants also suggest that governmental immunity under section 8541 is an affirmative defense that can only be raised in an answer, rather than a motion to dismiss.

*C. Analysis*

Because the decisions cited by BIUPA are directly on point, BIUPA's motions to dismiss must be granted.

Every Pennsylvania court to have considered the issue has concluded that a private entity acting in its official capacity as a municipal building inspector is entitled to immunity under the Tort Claims Act. In Higby Development, for example, Schuylkill Township utilized a private

5

company, Yerkes Associates ("Yerkes"), to serve as its code enforcement officer. Id. at 80. A real estate developer sued several employees of Schuylkill Township, including Yerkes, alleging that they had tortuously impeded a proposed real estate development. Id. at 80-82. Yerkes argued that it acted as an employee of the township within the meaning of the Tort Claims Act when it performed code enforcement functions and, consequently, was entitled to immunity under section 8541 of the Tort Claims Act. Id. at 82-83. The court of common pleas sustained Yerkes' preliminary objections and dismissed Yerkes from the lawsuit. Id. at 83. Following an appeal, the Commonwealth Court affirmed.

The court began its analysis by noting that, under the definition of "employee" set forth in 42 Pa. Con. Stat. § 8501, "there is no requirement that a person be an employee in the traditional sense, but only that the employee is acting on behalf of the governmental entity." Id. at 85. The court concluded that, "[b]ecause Yerkes was clearly acting as the Code Enforcement Officer on behalf of the Township in order to determine whether the next phase of construction could occur, . . . Yerkes was an 'employee' for purposes of the Tort Claims Act and was entitled to governmental immunity." Id. at 86.

The Pennsylvania Commonwealth Court reached the same conclusion in Cornell Narberth. Under the facts of that case, Yerkes Associates ("Yerkes") was hired to act as the building code enforcement official for the Borough of Narberth. Id. at 232. In that capacity, Yerkes reviewed and approved the construction drawings for several proposed homes in a subdivision. Id. The drawings were initially approved without automatic sprinklers because Yerkes mistakenly believed that such sprinklers were not required under the borough's ordinances. Id. However, after construction was completed, the township cited the lack of sprinklers as the basis for denying certificates of occupancy. Id. When the developer sued

6

Yerkes for negligent misrepresentation, Yerkes again sought dismissal on the basis of Tort Claims Act immunity. Id. at 235-36.

On appeal, the commonwealth court held that Yerkes was an employee of the borough for purposes of the Tort Claims Act when serving in its capacity as building code inspector. The court concluded that Yerkes was immune from civil liability for negligence:

> [As in Higby], Yerkes Associates was hired by the Borough as its official building inspector. Acting in that capacity, Yerkes examined and approved construction drawings; recommended the issuance of building permits; and inspected the construction for which permits had been issued. Section 8501 of the Judicial Code defines "employee" as "any person who is acting or who has acted on behalf of a government unit[.]" 42 Pa. C.S. § 8501. The definition does not require a person to be "an employee in the traditional sense, but only that the employee is acting on behalf of the governmental entity." Higby, 954 A.2d at 85. Notably, Section 403.3(a) of the UCC requires that a building code official be appointed to enforce the Construction Code Act. 34 Pa. Code § 403.3(a). Yerkes, in carrying out its responsibilities as a building code official, acted on behalf of the Borough. Consistent with our decision in Higby, we conclude that Yerkes acted as an "employee" of the Borough for purposes of the Tort Claims Act.

Id. at 241.

More recently, in Spencer v. Grill, No. 913 C.D. 2017, 2018 WL 1722674 (Pa. Commw. Ct. Apr. 10, 2018), the Pennsylvania Commonwealth Court again concluded that "a township code enforcement officer is a 'non-traditional employee,' and therefore entitled to governmental immunity." Id. at *4 (citing Cornell Narberth, 167 A.3d at 240). Under the facts of Spencer, a private company, Construction Code Inspectors, Inc. ("CCI"), had been contracted by Cranberry Township to perform construction code enforcement. Id. at *1. Acting in this capacity, CCI issued a citation to a township resident for failing to obtain a permit for a garage expansion. Id. CCI issued subsequent citations when it became obvious that the new garage was not being used for agricultural purposes, as previously represented by the residents. Id. at *2. The residents

7

eventually filed a lawsuit alleging malicious prosecution. Id. Relying on Higby and Cornell Narberth, the commonwealth court affirmed the trial court's entry of summary judgment in favor of CCI on the basis of Tort Claims Act immunity. The court held:

> [A] company hired by a borough as its official building inspector, responsible for examining and approving construction drawings, recommending the issuance of building permits and inspecting the construction, [is] acting as an employee of the borough for purposes of the Tort Claims Act. We find here that the Trial Court correctly determined that [CCI] acted on behalf of Township in accordance with the Tort Claims Act's definition of 'employee' and as such are entitled to governmental immunity under the Tort Claims Act.

Id. at *4 (citing Cornell Narberth, 167 A.3d at 240).

The allegations in the instant case are directly on point with those in Higby, Cornell Narberth, and Spencer. The Third-Party Complaint filed by Whipple-Allen in this action explicitly alleges that BIUPA "contracted with the City of Erie to review and approve construction plans for compliance with Erie's laws, codes, ordinances, and regulations, and to inspect and approve ongoing construction for compliance with Erie's laws, codes, ordinances, and regulations." (ECF No. 10 ¶ 6.) It further alleges that Kidder Wachter "prepared and submitted to BIUPA plans, drawings, and specifications for the remodeling and expansion project" and that BIUPA "approved the plans, drawings, and specifications submitted to it . . . without alteration, and permitted the remodeling and expansion project to proceed." (Id. ¶¶ 11-12.) As in each of the foregoing cases, the allegations against BIUPA in this action relate entirely to actions taken by BIUPA while acting as a building code inspector on behalf of the City of Erie. Under such circumstances, BIUPA is an "employee" within the meaning of the Tort Claims Act and, as such, is entitled to immunity.

Cross-Claimants fail to point to any case in which a Pennsylvania court denied immunity to an entity acting as a building code inspector on behalf of a municipality. Instead, Cross-

8

Claimants rely almost entirely on Mauer, 536 A.2d 479, in which an attorney, Frederick Hobbs, was engaged by Shuylkill County to serve as the county solicitor while also maintaining a private law practice on the side. Id. at 480. Hobbs and the county were sued after a visitor to Hobbs' office slipped and fell on a telephone cord. Id. The county moved for summary judgment, arguing that Hobbs was an independent contractor, rather than an employee. Id. at 480-81. The trial court denied the county's motion and the commonwealth court affirmed, each concluding that a material issue of fact existed about whether the attorney was an employee or an independent contractor. Id. at 481-83. Cross-Claimants infer from this result that the determination about whether an entity is an independent contractor or employee cannot be made without factual development.

As an initial matter, the court in Higby resolved this precise issue by relying only on the pleadings, belying Cross-Claimants contention that factual discovery is always necessary under such circumstances. See Higby, 954 A.2d at 85-86. While the court agrees that whether an entity is an employee or an independent contractor is often a fact-intensive inquiry, Pennsylvania courts have consistently held that entities acting as building code inspectors are classified as employees as a matter of law. The Third-Party Complaint makes clear that BIUPA was engaged by the City of Erie to act as the city's building code inspector. As in Cornell Narberth, BIUPA was hired by the city to examine and approve construction drawings, recommend the issuance of building permits, and inspect the construction for which permits had been issued. Cornell Narberth, 167 F.3d 241. Cross-Claimants allegations of negligence against BIUPA all relate directly to these roles. Because the allegations contained in the Third-Party Complaint make clear that BIUPA was acting in the role of a building code inspector for the City of Erie at all

9

pertinent times, no factual development is necessary to conclude that BIUPA is entitled to immunity.

Finally, Cross-Claimants contend that BIUPA's motion to dismiss is "procedurally defective" because Tort Claims Act immunity can only be raised as an affirmative defense. (ECF No. 47 at 4-5.) Cross-Claimants rely on Rule 1030 of the Pennsylvania Rules of Civil Procedure which specifically lists "immunity from suit" as an affirmative defense that must be pled in a responsive pleading and ordinarily cannot be resolved until discovery is complete. Pa. R.C.P. No. 1030(a); Higby, 954 A.2d at 83-84 (noting that governmental immunity is an affirmative defense that should not be resolved through preliminary objections except where immunity is clear on the face of the complaint and where the plaintiff does not raise an objection). In federal court, however, "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Indeed, district courts routinely grant motions to dismiss in this district on the basis of immunity under the Tort Claims Act. See, e.g., Brock v. Allegheny Cnty. DA Office, No. 12-0914, 2013 WL 3989452 (W.D. Pa. Aug. 2, 2013); Means v. City of McKeesport, No. 11-1092, 2012 WL 6552835 (W.D. Pa. Nov. 19, 2012).

For the reasons set forth above, BIUPA's motion to dismiss will be GRANTED.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: July 30, 2018